{¶ 31} While I understand the important function arbitration serves in the resolution of contractual disputes, I must respectfully dissent from the majority's decision to affirm the arbitrator's award in this case.
 {¶ 32} Aside from claims of fraud, corruption, misconduct or an imperfect award, this court may only reverse an arbitrator's award if the arbitrator exceeded his authority. Goodyear Tire Rubber Co. v.Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Worker'sof America (1975), 42 Ohio St.2d 516, paragraph two of the syllabus. An arbitrator is deemed to have exceeded his authority when his award fails to draw its essence from the collective bargaining agreement. SouthwestOhio Regional Transit Auth. v. Amalgamated Transit Union, Local 627
(1998), 131 Ohio App.3d 751, 760.
 {¶ 33} In this case, appellant argues that under Article 25, Section 9 of the collective bargaining agreement, appellant was entitled to issue a memo to several employees noting an abuse of sick leave. Appellant predicates this argument on the plain language in that section that provides appellant with the unilateral right to require a physician statement when he, in his discretion, finds abuse of sick leave. Despite the clear language in the agreement, the arbitrator ruled that appellant's memo constituted discipline, which violated the agreement because it eliminated the employee's ability to challenge the finding of abuse of sick leave. The majority concludes that the arbitrator "did not add to, subtract from, or alter the meaning of the terms of the contract", and as a result, the award draws its essence from the agreement. It is on this point that I part ways with the majority in this case.
 {¶ 34} Under Article 25, Section 9 of the collective bargaining agreement, an employee who is absent for three (3) or more consecutive days is required to provide a physician statement to appellant. Additionally, Article 25, Section 9 of the collective bargaining agreement clearly states: "Whenever the Employer [appellant] finds abuse of the use of sick leave, he may require proof of illness in the form of a physician statement of disability or other proof satisfactory to the Employer to approve the use of such leave." In this case, appellant conducted extensive research into the use of sick leave by his employees and determined that, in some cases, sick leave was being abused. Upon determining that sick leave was being abused, and in conjunction with Article 25, Section 9 of the agreement, appellant required that those employees submit a doctor's note in order to justify further sick leave.
 {¶ 35} There is no language in the agreement that elaborates on how appellant is to go about finding abuses of sick leave. However, the language in the agreement is clear that once appellant has determined that an abuse has taken place, appellant is entitled to request a doctor's note to support the use of sick leave. Since sick leaves of three (3) days or more automatically require a physician statement, appellant's additional power must apply to sick leave of 1 or 2 days or patterns involving 1 or 2 days sick leave.
 {¶ 36} An arbitrator "is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." Ohio Office ofCollective Bargaining v. Ohio Civil Service Employees Assoc. (1991),59 Ohio St.3d 177, 180, quoting Detroit Coil Co. v. Internatl. Assn. ofMachinists Aerospace Workers, Lodge No. 82 (C.A. 6 1979),594 F.2d 575, 579. Also, the United States Supreme Court has cautioned, "an arbitrator is confined to interpretation and application of the collective bargaining agreement; * * * When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." United Steelworkers of America v.Enterprise Wheel Car Corp. (1960), 363 U.S. 593, 597.
 {¶ 37} In issuing his decision, the arbitrator stated that appellant's memo deprived appellees of the opportunity to challenge the finding of abuse of sick leave. In reality, for whatever reason, appellees chose to file a grievance on the memo itself, completely failing to challenge appellant's findings. That issue notwithstanding, Article 10 of the collective bargaining agreement clearly gives appellees the right to challenge appellant's findings through the grievance procedure. For the arbitrator to say appellant's memo deprived appellees of their right to challenge appellant's findings under the agreement is completely irrational and illogical.
 {¶ 38} The arbitrator's award in this case openly conflicts with the express terms of Article 25 of the collective bargaining agreement and is not rationally derived from the terms of that agreement. In fact, the arbitrator's decision expressly denies appellant any type of effective remedy with which to counter the abuse of sick leave expressly granted to appellant by Article 25, Section 9 of the collective bargaining agreement. The arbitrator exceeded his authority when he completely ignored the express language contained in Article 25, Section 9 of the collective bargaining agreement. Essentially, the arbitrator unilaterally wrote a portion of Article 25, Section 9 out of the agreement.
 {¶ 39} As a result, I would reverse the decision of the trial court in this matter, vacate the arbitrator's award, and enter judgment for appellant.